**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN LEE RICHES,**
       **Petitioner,**

vs.                                                                 **Case No.: 4:08cv49/SPM/MD**

**JONATHAN PAUL LUNA,**
       **Respondent.**

### REPORT AND RECOMMENDATION

This cause is before the court upon referral from the clerk.  Petitioner, an inmate currently confined at the Federal Correctional Institution Williamsburg in Salters, South Carolina ("FCI-Williamsburg"), initiated this action through the filing of a petition for writ of habeas corpus.  (Doc. 1).  The petition, which was not on a court form, was entitled "Habeas Corpus Relief under 28 U.S.C. § 2254 - Motion for Relief of Judgement [sic]."  Named as the respondent was Jonathan Paul Luna, Warden of FCI-Williamsburg.

Because the petition was not on the court form, and because it was unclear whether petitioner was challenging the criminal judgment of a state court or a federal court,[1] this court issued an order on February 6, 2008 directing petitioner to file, within thirty days, either an amended petition on the 28 U.S.C. § 2254 form or an

---

[1] Petitioner stated only that he sought "relief of judgment on his criminal conviction" because his sentence "was enhanced millions of dollars not proven by a jury or pleading guilty to."  (Doc. 1). He explained that he "was accused of stealing identities through a phishing program and defrauding credit cards at ATM machines . . . [and] of computer espionage which was not proven by a jury." (*Id.*). In closing, petitioner asserted he sought "the return of his civil rights and a reversal in his sentence." (*Id.*).

amended motion on the 28 U.S.C. § 2255 form. (Doc. 4). Petitioner was warned that failure to comply with the order would result in a recommendation of dismissal of this action. Petitioner did not respond to the order.

Accordingly, on March 17, 2008 the court entered an order directing petitioner to show cause within twenty days why this case should not be dismissed. (Doc. 5). Over twenty days has elapsed, and petitioner has not responded to either of the court's orders. No correspondence has been received from petitioner since the initial filing of his petition on January 30, 2008.

Accordingly, it is respectfully RECOMMENDED:

That this cause be DISMISSED WITHOUT PREJUDICE for petitioner's failure to comply with an order of the court.

At Pensacola, Florida, this 8th day of May, 2008.

/s/ *Miles Davis*
    MILES DAVIS
    UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** ***United States v. Roberts*****, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 4:08cv49/SPM/MD*